UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————————

GERALD P. SMITH, JR. and
ANGELA SMITH,

        Plaintiffs,

v.

BLUE RIBBON TRANSPORT,
*et al.*,

        Defendants.
_____/

Case No. 1:06-CV-234

Hon. Richard Alan Enslen

**PARTIAL JUDGMENT**

      Defendant Francis J. Caito, Inc. d/b/a F.J. Caito Transportation ("Caito"), has failed to answer or defend in this matter. This failure has resulted in the Clerk's entry of default and Plaintiffs Gerald P. Smith, Jr. and Angela Smith's Motion for Default Judgment against Defendant Caito. The Motion requests the entry of judgment against Defendant Caito in the amount of Three Million Dollars ($3,000,000.00) for serious permanent injuries caused to Plaintiff Gerald P. Smith, Jr. and associated damages (*e.g.,* loss of consortium, *etc.*) to Plaintiff Angela Smith (the spouse of Gerald P. Smith, Jr.). Plaintiffs have sued Defendant Caito under the Owner Liability Statute (Mich. Comp. Laws § 257.401) (which statute provides for vicarious liability of owners/lessors in certain circumstances), but also for negligent entrustment of the vehicle which injured Plaintiff Gerald P. Smith, Jr. Depending upon the resolution of Plaintiffs' claims against the other Defendants, the pending claims, including the claims against Defendant Caito, may result in joint liability among Defendants for Plaintiffs' injuries.

Given the possibility of joint liability for Plaintiffs' injuries, a default judgment may enter as to liability against Defendant Caito, but damages should be reserved until a later determination of the claims against the non-defaulting parties. The reason for this rule, which has been explained in such cases as *Frow v. De La Vega*, 82 U.S. 552 (1872); *Pfanenstiel Architects, Inc. v. Chouteau Petroleum Co.*, 978 F.2d 430, 433 (8th Cir. 1992); *Kidd v. Andrews*; 340 F. Supp. 2d 333, 338 (W.D. N.Y. 2004), is to avoid inconsistent judgments. It appears that this is a proper instance to follow such rule.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiffs Gerald P. Smith, Jr. and Angela Smith's Motion for Entry of Default Judgment (Dkt. No. 52) is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that judgment as to liability is entered in favor of Plaintiffs and against Defendant Francis J. Caito, Inc. d/b/a F.J. Caito Transportation as to all claims against it in this suit.

**IT IS FURTHER ORDERED** that the issue of damages against Defendant Francis J. Caito, Inc. d/b/a F.J. Caito Transportation is **RESERVED** pending the resolution of Plaintiffs' claims against all other Defendants.

Dated in Kalamazoo, MI:          /s/Richard Alan Enslen
July 3, 2007                     Richard Alan Enslen
                                 Senior United States District Judge